# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**NORMA L. SANDE**                                                                                              **PLAINTIFFS**

**VS.**                                         **CIVIL ACTION NO.** _3:19-cv-111-HTW-LRA_

**THE HARTFORD and**
**UNIVERSAL HEALTH SERVICES, INC. d/b/a**
**ALLIANCE HEALTH SERVICES**                                                                  **DEFENDANTS**

### DEFENDANTS' JOINT NOTICE OF REMOVAL

NOW COMES "The Hartford," who has been improperly named and designated and for whom the correct entity is "Hartford Life and Accident Insurance Company" (sometimes referred to herein as "Hartford") and "Universal Health Services, Inc. d/b/a Alliance Health Services, Inc.," who has been improperly named and designated and for whom the correct entity is "Universal Health Services, Inc." (sometimes referred to herein as "Universal") (and for which all defendants are sometimes referred to collectively as "Defendants"), through undersigned counsel, who jointly file this Notice of Removal of an action originally entitled "Norma L. Sande v. The Hartford and Universal Health Services d/b/a Alliance Health Services, Inc.," Civil Action No. 19-0075(Y), In the County Court of Lauderdale County, State of Mississippi, and who hereby remove said action to the United States District Court for the Southern District of Mississippi, Northern Division. In this regard, Defendants respectfully submit as follows:

1.

Although Hartford has not yet received formal service of process, it did receive a copy of a Petition filed by Ms. Norma L. Sande. Universal was served on or after January 10, 2019. A copy of the Plaintiff's Petition, as well as all process, pleadings and orders served on or received

by all Defendants are attached hereto as Exhibit "A." Attached as Exhibit "B" is a certified copy of the state court civil record. The title of the referenced state court action is "Norma L. Sande v. The Hartford and Universal Health Services d/b/a Alliance Health Services, Inc.," Civil Action No. 19-0075(Y), In the County Court of Lauderdale County, State of Mississippi.

2.

Plaintiff is attempting to recover benefits under an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"; 29 U.S.C. §1001, et seq.). In this regard, Plaintiff is claiming that she is entitled to life benefits under a group plan sponsored by Universal and which was funded or insured by a policy of insurance issued by Hartford and for which claims were administered by Hartford. As such, original subject matter jurisdiction is vested with this Honorable Court pursuant to 29 U.S.C. §1132 and 28 U.S.C. §1331.

3.

Plaintiff's action is one in which this Honorable Court has original jurisdiction because it is an action "arising under the Constitution, laws or treatises of the United States" and it may be removed to this Honorable Court pursuant to 28 U.S.C. §1441, et seq. See 28 U.S.C. §1331; see also *Metropolitan Life Ins. Co. v. Taylor*, 107 S.Ct. 1542 (1997). In this regard, this is a lawsuit by an alleged plan participant to recover benefits allegedly due under a group benefits plan that falls within the scope of ERISA "which provides an exclusive cause of action for resolution of such disputes." *Id.* at 1546. See also *Memorial Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990). The plan at issue is an "employee welfare benefit plan" as defined by ERISA. See 29 U.S.C. §1002(1).

4.

Generally, a cause of action under federal law arises only when the Plaintiff's well pleaded complaint raises such federal issues on the face of the complaint. This is generally known as the "well pleaded complaint rule." See *Gully v. First National Bank*, 299 U.S. 109 (1936). As the United States Supreme Court has stated, "[o]ne corollary to the well pleaded complaint rule developed in the case law, however, is that Congress may so preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." See *Metropolitan Life Insurance Co. v. Taylor*, 107 S.Ct. 1542, 1546 (1997). Such complaints are removable even though they do not on their face invoke an express federal law such as ERISA. In the present case, Plaintiff expressly seeks the recovery of life benefits under a group plan sponsored by Universal, funded or insured through a policy of insurance issued by Hartford and administered by Hartford. Moreover, Plaintiff challenges Hartford's denial of her claim for life benefits under the plan. As a result, Plaintiff's claims are exclusively governed by ERISA and are subject to removal to this Honorable Court.

5.

To the extent that the Plaintiff's Petition raises state law claims and causes of action and asserts recovery of benefits or other remedies under state law, said claims are exclusively governed by and preempted by ERISA, thus giving this Honorable Court original subject matter jurisdiction of such claims. Moreover, any purported state law claims for benefits and other relief under an employee welfare benefit plan are preempted by the provisions of ERISA because they seek to recover benefits payable under an employee welfare benefit plan and are related to an ERISA governed plan. See 29 U.S.C. §1132 and 29 U.S.C. §1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 107 S.Ct. 1549 (1997); *Moffit v. Blue Cross & Blue Shield of Mississippi*, 722 F.Supp.

1391 (N.D. Ms. 1989); *Shaw v. Delta Airlines*, 103 S.Ct. 2890 (1983).

6.

Based on the foregoing, the Plaintiff's claims, causes of action and claims for relief asserted in the above-captioned lawsuit are governed by ERISA and ERISA preempts any state law claims asserted by Plaintiff. As such, removal to this Honorable Court is proper.

7.

As an alternative, diversity of citizenship jurisdiction is also present. The Plaintiff, according to the Petition, is a resident of and is domiciled in Lauderdale County, Mississippi. As such, Plaintiff is a citizen of the State of Mississippi.

8.

Hartford is a corporation organized under the laws of the State of Connecticut. In addition to being a foreign corporation, Hartford maintains its principal place of business outside of the State of Mississippi and, in particular, in the State of Connecticut. As such, Hartford is not a citizen of the State of Mississippi.

9.

Universal is a corporation organized under the laws of the State of Delaware. In addition to being a foreign corporation, Universal maintains its principal place of business outside of the State of Mississippi and, in particular, in the State of Pennsylvania. As such, Universal is not a citizen of the State of Mississippi.

10.

Plaintiff asserts that Universal is doing business as "Alliance Health Services, Inc." Said entity, to the extent that it exists, is unrelated to both Universal and Hartford. By way of full disclosure, Alliance Health Center, Inc. is a subsidiary of Universal. Although Alliance Health

Center, Inc. is a corporation organized under the laws of the State of Mississippi with its principal place of business in the State of Pennsylvania, it has been improperly joined and its citizenship may be disregarded. The group life benefit plan at issue as filed by Plaintiff in the civil record was sponsored by Universal Health Services, Inc. and the policyholder is specifically designated as Universal Health Services, Inc. See Exhibits "A" and "B" submitted herewith. Additionally, Hartford insured the Plan and, in accordance with the terms of the Plan, administered all claims under the Plan. See Exhibits "A" and "B" submitted herewith. Plaintiff's Complaint is void of any specific allegations that Alliance Health Services, Inc. or Alliance Health Center, Inc. were in any way involved in the Plan, through funding, insurance, claims administration or otherwise. In fact, as set forth in Universal's Corporate Disclosure Statement, "Alliance Health Services, Inc." is not the correct entity or name designation. Instead, the entity that is a subsidiary of Universal Health Services, Inc. is Alliance Health Center, Inc., who has not been named in the lawsuit and who would also not be a proper party since the plan sponsor and policyholder is Universal Health Services, Inc. and since the insurer and claims administrator is Hartford. As such and based on the allegations of the Plaintiff's Complaint and the Plan submitted therewith (Exhibits "A" and "B" hereto), the Plaintiff has not asserted and cannot assert a cause of action against "Alliance Health Services, Inc." and there is no reasonable factual legal basis to support any such claim. As such, "Alliance Health Services, Inc." and its citizenship may be disregarded since it has been improperly joined. See *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373 (5th Cir. 2006).

11.

Based on the foregoing, complete diversity of citizenship exists between the Plaintiff and the Defendants (i.e., a Mississippi plaintiff and non-Mississippi defendant) in accordance with 28

U.S.C. § 1332.

12.

In addition, the requisite jurisdictional amount of $75,000.00 for diversity of citizenship jurisdiction under 28 U.S.C. §1332 is purportedly met based on the claims asserted and the damages purportedly sought by the Plaintiff.  Although Defendants dispute and deny any liability whatsoever, the amount in controversy, based on the Plaintiff's allegations, the relief sought, the nature of the claims and the amount in dispute, purportedly meets the requirements for diversity of citizenship jurisdiction under 28 U.S.C. §1332.  In this regard, Plaintiff is seeking life benefits in the amount of $35,000.00, plus $40,000.00 in penalties as part of her cause of action.  Additionally, she is seeking attorney's fees and costs as part of her claims for relief.  As such, any and all such amounts sought by Plaintiff (which Defendants contest and oppose) are included in the calculation of the jurisdictional amount.  As a result, the total monetary value of the claims asserted purportedly exceeds the $75,000.00 jurisdictional limit as prescribed by 28 U.S.C. §1332.  Although Defendants deny and contest any liability, damages and relief whatsoever, as well as the recoverable items for relief, the allegations made by Plaintiff in her Petition purportedly satisfy the diversity of citizenship requirements under 28 U.S.C. §1132.  As such and as an alternative, diversity of citizenship jurisdiction exists, thus making this case removable pursuant to 28 U.S.C. §1441, et seq.

13.

This Notice of Removal is being timely filed with this Honorable Court pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after receipt by the Defendants, through service or otherwise, of a copy of the initial pleadings setting forth the claims for relief upon which such action is based.  Venue of this removal action is proper pursuant to 29 U.S.C. §

1441 inasmuch as the United States District Court for the Southern District of Mississippi, Northern Division embraces Lauderdale County, Mississippi and the County Court of Lauderdale County, State of Mississippi, which is the venue where the original state court action was filed.

14.

Promptly upon filing of the Defendant's Notice of Removal, Defendants will provide written notice to counsel for Plaintiff of the removal of this case and will file a copy of this pleading with the County Court of Lauderdale County, State of Mississippi under Civil Action No. 19-0075(Y).

15.

No act of Congress prohibits the removal of this cause and this cause is removable under 28 U.S.C. § 1441 et seq.

16.

Defendants hereby request and consent to removal of this action as evidenced by the submission and filing of this notice of removal and related pleadings.  There are no other named defendants in this lawsuit who have not joined in this Notice of Removal.

WHEREFORE, premises considered, Defendants, Hartford Life and Accident Insurance Company and Universal Health Services, Inc. pray that the above-entitled case be removed to the United States District Court for the Southern District of Mississippi, Northern Division and that this Honorable Court assume jurisdiction of this lawsuit and retain it for final disposition and for such other relief, both general and special, at law or in equity, to which Defendants may be justly entitled.

This, the 8th day of February, 2019.

Respectfully submitted,

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and UNIVERSAL HEALTH SERVICES, INC.**

By:   *s/ Richard G. Norris, II*
Richard G. Norris, II (MSB #100755)
Wells Marble & Hurst, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
rnorris@wellsmar.com

Joel P. Babineaux (To be Admitted *Pro Hac Vice*)
Babineaux, Poché, Anthony & Slavich, L.L.C.
1201 Camellia Boulevard, Third Floor
Lafayette, LA  70508
Telephone: (337) 984-2505
Facsimile: (337) 984-2503
Babineaux@bpasfirm.com

Its Attorneys

## CERTIFICATE OF SERVICE

I, Richard G. Norris, II, hereby certify that I electronically filed the foregoing ***Defendants' Joint Notice of Removal*** using the ECF system which sent notification of such filing to the following:

Robert J. Bresnahan (MSB #04389)
Attorney at Law
1108-19th Avenue (39301)
Post Office Box 826
Meridian, MS 39302-0826
Telephone: (601) 693-6386
Facsimile: (601) 693-6401
bresatty@comcast.net

**ATTORNEY FOR PLAINTIFF**

This, the 8th day of February, 2019.

                                            *s/ Richard G. Norris, II*
                                            Richard G. Norris, II

/267752